IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JADEN DEAIRE FENNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25-CV-108-WKW |
| ) | [WO] |
| DONALD VALENZA, CAPTAIN ) | |
| IVEY, BILL RAFFERTY, CAPTAIN ) | |
| ASBILL, KITCHEN MANAGER ) | |
| TONY, and HOUSTON COUNTY ) | |
| JAIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for a More Definite Statement. (Doc. # 11.) For the reasons explained, the motion will be granted.

**I.  Subject Matter Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

**II.  Plaintiff's Complaint**

Plaintiff Jaden Deaire Fennell filed this action against Defendants, alleging constitutional violations occurring during his confinement at the Houston County Jail in Dothan, Alabama. (Doc. # 1.)  He sues Donald Valenza, Captain Ivey, Bill Rafferty, Captain Asbill, Kitchen Manager Tony, and the Houston County Jail.

Using a preprinted form for initiating civil rights actions based upon constitutional violations, he presents three grounds or claims.

First, Plaintiff contends that, on January 19, 2025, the Houston County Jail switched to Shaver Foods LLC, which is supposed to provide pre-packaged Kosher meals. However, he says that he received non-Kosher food (*e.g.*, "beans, rice and peanut butter"). (Doc. # 1 at 3.) He alleges that the denial of Kosher meals violates his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Religious Freedom Restoration Act (RFRA). (Doc. # 1 at 2.)

Second, Plaintiff alleges that he filed grievances from January 20–23, 2025, but was denied the opportunity to appeal, preventing him from exhausting his administrative remedies. He argues that this denial violates his Fourteenth Amendment due process rights. (Doc. # 1 at 3.)

Third, he claims that instead of purchasing Kosher meals, unidentified jail officials instructed kitchen staff to wrap food themselves, which does not satisfy Kosher standards. He alleges a violation of the Eighth Amendment, claiming cruel and unusual punishment through the provision of these improperly prepared meals. (Doc. # 1 at 3.)

Plaintiff seeks a declaration that his rights were violated and a permanent injunction for the provision of Kosher meals. He also requests compensatory and

punitive damages of $20,000 against each Defendant, a jury trial, and any additional relief the court deems just.  (Doc. # 1 at 4.)

## III.   Defendants' Motion for a More Definite Statement

Defendants move the court under Rule 12(e) to require Plaintiff to clarify the Complaint, citing a lack of "factual and legal specificity."  (Doc. # 11 at 1.)  They argue that the Complaint is vague and ambiguous, failing to clearly identify the legal basis for the claims and to specify allegations against any Defendant.  Additionally, Defendants contend that the Complaint consists of "generalized assertions of constitutional violations," is "disorganized and incoherent," and "does not clearly state the nature of the relief sought."  (Doc. # 11 at 3–4.)  Based on these shortcomings, Defendants label the Complaint as an impermissible "shotgun pleading," arguing that it does not provide adequate notice of the claims or the grounds upon which each claim rests.  (Doc. # 11 at 2, 4.)  They contend that the Complaint's lack of specificity prevents them from preparing a responsive pleading or asserting appropriate defenses, including assessing potential exposure and gathering relevant information.  (Doc. # 11 at 2.)

Defendants request the court to order Plaintiff to provide a more definite statement that sets forth the specific individuals alleged to have committed the described acts, the conduct attributed to each individual Defendant, the approximate dates and locations of the alleged conduct, and any injuries or damages claimed.

(Doc. # 11 at 5.) They contend that a more definite statement is necessary to assist in the orderly progression of discovery under the court's Initial Scheduling Order framework. (Doc. # 11 at 4.)

## IV. Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion . . . must point out the defects complained of and the details desired." *Id.*

The standard for granting a Rule 12(e) motion focuses on whether the pleading is unintelligible, rather than lacking in detail. *Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1318 (M.D. Fla. 2019). Additionally, Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In the federal system, notice pleading is used, meaning that a pleading must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Motions for a more definite statement generally are disfavored due to liberal discovery practices. *Scarfato v. The Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

Courts should grant, however, a Rule 12(e) motion when a complaint is a "shotgun pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (explaining the defendants' options when faced with a shotgun pleading, including that they can move for a more definite statement); *see generally Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'") (citing Fed. R. Civ. P. 8(a)(2), 10(b)).[1] Finally, although pleadings by *pro se* litigants are subject "to less stringent standards than formal pleadings drafted by lawyers," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they still must comply with the Federal Rules of Civil Procedure. *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014).

---

[1] In *Weiland*, the Eleventh Circuit identified four categories of shotgun complaints, namely, (1) those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separat[e] into a different count each cause of action or claim for relief"; and (4) those that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." 792 F.3d 1321–23 (citations omitted)).

## V.   Discussion

A review of the Complaint and Defendants' arguments reveals that a more definite statement is necessary under Rule 12(e). Plaintiff will be granted an opportunity to address the deficiencies by filing an amended complaint.

First, the Complaint is vague and ambiguous as to how each Defendant allegedly violated the cited federal constitutional and statutory law. *See* Fed. R. Civ. P. 12(e). The Complaint must state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation and internal quotation marks omitted). The Complaint does not adequately inform the individual Defendants of their specific roles in the alleged violations, as it does not specify the actions or omissions attributed to them. Plaintiff must clearly articulate how each named Defendant violated his federal constitutional and statutory rights and the dates on which the incidents occurred.

Second, to the extent the Complaint seeks to hold Defendants liable for their supervisory roles, it lacks critical allegations. Supervisory officials cannot be held "liable under [42 U.S.C.] § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (citation and internal quotation marks omitted) (alterations added). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional

conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* (citation and internal quotation marks omitted). If Plaintiff seeks to establish liability against a Defendant in a supervisory role for the actions of his or her subordinates, the Complaint must allege either Defendant's personal participation or a causal connection to the alleged constitutional violation.

The absence of the foregoing allegations leaves Defendants without enough information to understand their roles in the alleged federal constitutional and statutory violations. This hinders their ability to prepare an appropriate defense.[2]

## VI. Conclusion

Based on the foregoing, it is ORDERED that Defendants' Motion for a More Definite Statement (Doc. # 11) is GRANTED to the following extent. Plaintiff is DIRECTED to file an amended complaint no later than **July 22, 2025,** that does the following:

---

[2] A motion for a more definite statement is not a substitute for a motion to dismiss. However, Plaintiff should be aware that a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure may be forthcoming if the amended complaint shows on its face that a defendant lacks the capacity to be sued. Plaintiff has named the Houston County Jail as a Defendant, but under Alabama law, county jails, including the Houston County Jail, do not possess the legal capacity to be sued under § 1983. In *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), the Eleventh Circuit held that a county jail is not a legal entity subject to suit under § 1983. Similarly, in *Davis v. Elmore County Jail*, 2023 WL 4632388, at *9 (M.D. Ala. July 19, 2023), the district court reaffirmed this principle, citing *Dean*. Therefore, Plaintiff's claims against the Houston County Jail are improper.

(1) Names as Defendants the individuals he contends are personally responsible for the alleged violations of his constitutional rights;

(2) Describes how each named Defendant acted or failed to act in a manner that deprived Plaintiff of his constitutional rights;

(3) Describes how the acts or omissions of each Defendant harmed him;

(4) Presents a short and plain statement of the claim showing that Plaintiff is entitled to relief and that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).

To assist Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to provide him with a copy of the updated form used by prisoners to file § 1983 complaints. Plaintiff must use this form in filing his amended complaint. The amended complaint will supersede the original complaint. Thus, this case will proceed only against the defendants named and claims presented in the amended complaint.

Plaintiff is expressly cautioned that a failure to comply with the terms of this Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 30th day of June, 2025.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE