IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JADEN DEAIRE FENNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25-CV-108-WKW |
| ) | [WO] |
| COMMANDER MOORE and ) | |
| CHAPLAIN PICKKET, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Jaden Deaire Fennell filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, which was docketed on February 6, 2025. (Doc. # 1.) Thereafter, Plaintiff filed an amended complaint, which was docketed on August 1, 2025. (Doc. # 26.) In response, the remaining Defendants—Commander Moore and Chaplain Pickett— filed a motion to dismiss and brief in support. (Doc. # 30.) By Order dated September 23, 2025, the court directed Plaintiff to file a response to Defendants' motion to dismiss by October 14, 2025 ("September 23 Order"). (Doc. # 31.) The September 23 Order expressly cautioned Plaintiff "that his failure to file a timely response in compliance with this Order shall, without further notice, result in dismissal for failure to prosecute and comply with the Order of the court." (Doc. # 31.)

To date, Plaintiff has not filed a response to Defendants' motion to dismiss and thus has failed to comply with the September 23 Order. Accordingly, this action will be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has not complied with the September 23 Order, despite its express directives. Consequently, based upon the court's inherent authority, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 3rd day of November, 2025.

                                        /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE